IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **JEFFERY HOLDEN GRAY,** § <br> **# 22211-078,** § <br>     **MOVANT,** § <br> § <br> v. § <br> § <br> **M. UNDERWOOD,** § <br> **WARDEN,** § <br>     **RESPONDENT.** § | **CIVIL CASE NO. 3:19-CV-492-G-BK** |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this action was referred to the United States Magistrate Judge for case management. On February 26, 2019, Petitioner Jeffery Holden Gray, a federal prisoner at the FCI in Seagoville, Texas, filed a *pro se* pleading titled, *Motion for Award of Good Time Under 28 U.S.C. § 2241*. Doc. 3. As detailed here, the petition should be summarily **DISMISSED WITHOUT PREJUDICE** as premature.[1]

Gray requests that the Bureau of Prisons ("BOP") be directed to grant him good-time credits under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018). Doc. 3 at 4. He asserts that he is entitled to an additional seven days of time credits per year under the

---

[1] Although Gray did not submit a motion to proceed *in forma pauperis* or pay the filing fee, it is more efficient to dismiss the petition than to require compliance with this Court's filing requirements.

First Step Act and that, once those credits are applied, his sentence will have expired.  Doc. 3 at 3.  Gray avers that he is scheduled to release to a halfway house on April 18, 2019.[2]

A habeas corpus petition under 28 U.S.C. § 2241 is subject to summary dismissal if it appears from the face of the petition that the petitioner is not entitled to relief.  *See Wottlin v. Fleming*, 136 F.3d 1032, 1034 (5th Cir. 1998) (affirming summary dismissal of Section 2241 petition); *see also* Rule 4 and 1(b) of the RULES GOVERNING SECTION 2254 CASES.

Section 102(b)(1) of the First Step Act ("Act"), Public Law No. 115-391, amended 18 U.S.C. § 3624(b) to permit federal inmates to earn 54 days of good conduct time for each year of the sentence imposed, effectively abrogating *Barber v. Thomas*, 560 U.S. 474 (2010).  However, this provision has not yet taken effect, and will not do so until the Attorney General completes the "risk and needs assessment system" within 210 days after the Act's enactment, as provided by Section 101(a) of the Act.  *See Schmutzler v. Quintana*, No. 5:19-046-DCR, 2019 WL 727794, at *2 (E.D. Ky Feb. 20, 2019) (denying habeas relief because Section 102(b)(1) will not take effect until July 2019).

---

[2] Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of Gray's presently computed release date of April 18, 2019.  *See* BOP's inmate locator, https://www.bop.gov/inmateloc/ (last accessed on Feb. 28, 2019).

Therefore, even if Gray's failure to exhaust administrative remedies should be excused, his time-credit request is premature, and his habeas corpus petition should be summarily **DISMISSED WITHOUT PREJUDICE**.

**SO RECOMMENDED.**

March 12, 2019.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).